Filed: 11/2/2020 3:02 PM
Clerk
Kosciusko County, Indiana

Kosciusko Superior Court 4

| | | |
|---|---|---|
| STATE OF INDIANA | ) | KOSCIUSKO CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF KOSCIUSKO | ) | CAUSE NO.________________ |
| | | 43D04-2011-CT-000085 |

MICHAEL MESSINA, )
)
Plaintiff, )
)
v. )
)
KOSCIUSKO COUNTY SHERIFF, )
OFFICER TRAVIS _________ (L/N/U), )
OFFICER LINDSAY _________ (L/N/U), )
OFFICER MARIA _________ (L/N/U), )
)
Defendants. )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendants that:

1. The Plaintiff is Michael Messina, a former prisoner of the Kosciusko County Jail in Warsaw Indiana at all material times to this Complaint.

2. The Defendant is the Kosciusko County Sheriff, who is named in his official capacity under 42 U.S.C. § 1983. At all material time to this Complaint, the Sheriff had unconstitutional/ constitutionally inadequate policies, practices, procedures and/or protocols in effect at the Kosciusko County Jail, which resulted in Jail staff failing to protect the Plaintiff from attack by a fellow prisoner at the Jail. In the alternative, the Sheriff failed to adequately supervise and/or train his Jail staff on the appropriate steps to take to prevent prisoner-on-prisoner attacks within the Jail, and caused Plaintiff to suffer violations of his right to due process and/or right to be free from cruel and unusual punishment under the Fourteenth and/or Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983;

3. Also named as a defendant is Kosciusko County Jail Confinement Officer Travis _______

(L/N/U), Lindsay ______ (L/N/U), and Maria ______ (L/N/U) (full names also unknown but to be provided upon discovery), each of whom are named in their individual capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, Officer Travis ________, Officer Lindsay _______ and Officer Maria ________, and each of them, were acting within the scope of their employment and under color of law when they were deliberately indifferent to the Plaintiff's safety needs and failed to protect the Plaintiff from prisoner-on-prisoner attacks, subjecting the Plaintiff to violation of his rights to due process and/or right to be free from cruel and unusual punishment under the Fourteenth and/or Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4. Plaintiff was incarcerated in the Kosciusko County Jail from approximately January 11, 2019 until on or about February 24, 2020. During the period of approximately law April 2019 through November 2019, Plaintiff was physically attacked by other prisoners on multiple occasions. During the incarceration, Plaintiff was at high risk for attack by other prisoners due to the Plaintiff's sexual orientation.

5. In late April or early May 2019, an inmate named Curtis Deturk punched the Plaintiff and injured him. The attack was reported to Jail personnel, including the individually-named Defendants Travis ____, Lindsay ____ and Maria ____.

6. Because of the known, ongoing threat to the Plaintiff's safety, the Plaintiff was housed in a protective custody cell. On about May 16, 2019, knowing the danger Deturk posed to Plaintiff, Officer Travis _______ nevertheless moved Deturk to the Plaintiff's cell and permitted him to remain housed in the cell with the Plaintiff.

7. Plaintiff warned the individually-named Defendants and each of them, as well as other

confinement officers, that Deturk was threatening to attack him again.

8. The individually-named Defendants ignored Plaintiff's warnings of the impending danger from Deturk, and failed to move Deturk or Plaintiff so that they would be housed in separate cells. They also failed to reasonably or adequately monitor the activity inside the Plaintiff's cell.

9. On May 16, 2019, inmate Deturk physically attacked and raped Plaintiff.

10. On about November 16, 2019 an incident occurred in which Confinement Officer Lindsay ______ knowingly and/or recklessly opened Plaintiff's cell door and left it unsecured, while two other prisoners were nearby, while failing to adequately monitor and/or failed to adequately control prisoner activity in and around Plaintiff's cell. As a result, prisoners Isaah Houghe and Joseph Deeter were able to gain direct access to the Plaintiff. Upon doing so, the two prisoners attacked and beat the Plaintiff, causing injuries.

11. Two days later, Officer Lindsay admitted her intentional, careless, and/or reckless failure to protect the Plaintiff from the attack, when she was returning Houghe and Deeter to the Plaintiff's cell block. At the time, the two attackers said in front of Officer Lindsay "lets beat up Michael..." Officer Lindsay responded in front of the Plaintiff and other prisoners on the cell block "I'm not gonna let you beat him up again, I already let you once..."

12. Plaintiff contends that the individually named Defendants, and each of them, were deliberately indifferent to the known danger of attack by fellow prisoners that the Plaintiff faced in May and November 2019, but ignored the known danger and failed to protect the Plaintiff against the prisoner-on-prisoner attacks.

13. Plaintiff also contends that the prisoner-on-prisoner attacks resulted due to the Kosciusko

County Sheriff having an unconstitutional or constitutionally inadequate policy, practice, procedure and/or custom in effect at his Jail for protecting prisoners from physical attacks by fellow prisoners.

14. In the alternative, Plaintiff contends that the Sheriff failed to adequately supervise and/or failed to adequately train his Jail staff regarding appropriate steps to take to prevent prisoner-on-prisoner attacks from occurring at the Jail. This would include failing to adequately supervise and/or failure to adequately train confinement staff on how to appropriately respond when informed that a prisoner is at heightened danger of attack or otherwise being threatened with attack from other prisoners, appropriate cell assignments when a prisoner has been or is being threatened with attack, and the adequate control and monitoring of activity in and around the cell where a prisoner with a history of being physically attacked at the Jail is being housed.

15. Defendant's conduct was the direct and proximate cause of the Plaintiff suffering violations of his right to due process and/or right to be free from cruel and unusual punishment under the Fourteenth and/or Eighth Amendment to the United States Constitution and § 1983, and subjected Plaintiff to suffer physical injury, pain, mental anguish, emotional distress, and other damages and injuries.

16. The conduct of the Defendants, and each of them, was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the Fourteenth and/or Eighth Amendment to the United States Constitution and § 1983. Imposition of punitive damages is appropriate, where available.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants, and each

of them, for compensatory damages, punitive damages (where available), pre-judgment interest, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

10/28/20
IMS/js